89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohamed-Erfan E. MAHMOUD, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70803.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mohamed-Erfan Emam Mahmoud, a native and citizen of Egypt, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the order of an immigration judge (IJ) denying his requests for asylum, withholding of deportation, suspension of deportation and voluntary departure pursuant to 8 U.S.C. §§ 1158(a), 1253(h), 1254(a) and 1254(e). We have jurisdiction over this timely petition pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 A. Eligibility for Asylum
 
 3
 We review the BIA's decision whether to grant asylum for an abuse of discretion. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). "Factual findings underlying the decision, including whether the alien has proved a well-founded fear of persecution, are reviewed for substantial evidence." Aruta v. INS, No. 93-70981, slip op. 4509, 4517 (9th Cir. April 10, 1996).
 
 
 4
 In order to qualify for a discretionary grant of asylum under the Immigration and Nationality Act, an applicant must demonstrate that he has a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); Aruta, slip op. at 4518. Eligibility for asylum depends on both a genuine subjective fear of persecution and an objectively reasonable fear. See Aruta, slip op. at 4518. "The feared persecution must come from either the government or a group the government is unable to control." See Elnager v. INS, 930 F.2d 784, 788 (9th Cir.1991). "To satisfy the objective requirement, the applicant must show 'credible, direct, and specific evidence of facts supporting a reasonable fear of persecution.' " See Aruta, slip op. at 4519 (quoting Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994)).
 
 
 5
 Mahmoud contends that the BIA's decision that he failed to establish past persecution or a well-founded fear of future persecution is not supported by substantial evidence. This contention is without merit.
 
 
 6
 At the hearing before the immigration judge, Mahmoud claimed that while riding a bus in 1984, an unknown passenger informed him that the passenger was part of Hezbollah, a Lebonese terrorist group, which planned to bomb the American Embassy in Amman, Jordan. Mahmoud claimed that he then warned an unnamed official at the American Embassy in Egypt of the planned attack. He claims that after confiding in a friend that he had thwarted the bombing, the friend joined the terrorist group and reported his actions. Mahmoud claims that he was then subjected to numerous threats on his life over the next two years. He ultimately left Egypt and came to this country on a government-issued passport with a visitor's visa which expired on July 19, 1987. He then remained in the United States despite the expiration of his visitor's visa.
 
 
 7
 The BIA's finding that Mahmoud failed to show an objectively reasonable, well-founded fear of persecution is supported by substantial evidence. See Aruta, slip op. at 4519. The BIA found that Mahmoud had failed to provide sufficiently detailed documentation of his role in preventing the bombing, the identity of the alleged terrorist, the identity of the American Embassy official, police reports, or copies of the letters he received threatening his life. Moreover, Mahmoud has failed to provide sufficiently detailed evidence that the government is unable to control this terrorist group, see Elnager, 930 F.2d at 788, or any evidence that the terrorist group has ever attempted to harm him or his family during the two years he alleges he received threatening letters. Mahmoud has failed to provide "credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." See Shirazi-Parsa, 14 F.3d at 1427 (quotation omitted). Accordingly, the BIA's decision is supported by substantial evidence. See Berroteran-Melendez, 955 F.2d at 1255.
 
 B. Withholding of Deportation
 
 8
 The BIA's decision whether to withhold deportation is also reviewed for substantial evidence. See id. Because the standard for withholding of deportation is higher than the standard for granting asylum, and because Mahmoud failed to meet the lower standard for asylum, we affirm the BIA's denial of withholding of deportation. See Elnager, 930 F.2d at 789.
 
 C. Suspension of Deportation
 
 9
 The BIA's denial of an application for suspension of deportation for lack of extreme hardship is reviewed for an abuse of discretion. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). In order to establish eligibility for suspension of deportation, an applicant must demonstrate that he has been physically present in the United States for not less than seven years, is a person of good moral character, and is a person whose deportation would result in extreme hardship to the applicant or to his family. See 8 U.S.C. § 1254(a)(1). "The common results of deportation or exclusion are insufficient to prove extreme hardship." Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991).
 
 
 10
 Some of the factors to be considered in evaluating extreme hardship include the applicant's age, the length of his residence in the United States, his family ties to this country and abroad, his health, the economic and political conditions of his native country, his financial status, business or occupation, his immigration history and his position in the community. See id.
 
 
 11
 Here, the record shows that Mahmoud has no United States citizen or lawful permanent resident spouse, child or parent. In fact, his entire family remains in Egypt. He is himself a healthy 36-year old man who has been in the United States for less than 9 years. His family has been providing financial assistance to him since his arrival. He has a bachelor's degree in accounting from Cairo University. He has not demonstrated that he would be unable to find sufficient employment should he return to Egypt. Accordingly, Mahmoud has failed to demonstrate extreme hardship. See id.
 
 D. Voluntary Departure
 
 12
 We review a discretionary denial of voluntary departure for an abuse of discretion. See Rashtabadi v. INS, 23 F.3d 1562, 1566 (9th Cir.1994). Given that Mahmoud failed to depart from the United States upon expiration of his visa in 1987, the BIA's decision to deny his current application for voluntary departure was not an abuse of discretion. See id.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3